T.C. Memo. 2002-96

UNITED STATES TAX COURT

KARL PAUL VOSSBRINCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 612-01L.                    Filed April 9, 2002.

Karl Paul Vossbrinck, pro se.

<u>John Aletta</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  On December 14, 2000, respondent issued a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 advising petitioner of respondent's
intention to proceed with a proposed levy to collect petitioner's
outstanding income tax liabilities for 1991, 1992, 1993, and
1994.  A petition was filed on January 12, 2001, in which

petitioner alleged that he was not afforded a fair hearing and/or that he was denied due process. Petitioner had requested time within which to seek a private letter ruling as to whether he was an employee or self-employed. Respondent's Appeals Officer Richard Geltzer (the Appeals officer) agreed to permit additional time and after approximately 6 months the Appeals officer was advised that an examination had resulted in a decision that petitioner was an employee. Petitioner claims that respondent's Appeals officer refused to allow him additional time within which to seek a private letter ruling on the question of his employment status. Instead of obtaining a private letter ruling during the 6-month period, petitioner sought an audit examination of his employment status. We consider whether respondent's determination to proceed with collection, under those circumstances, was an abuse of respondent's discretion.

### FINDINGS OF FACT

At the time of the filing of his petition, petitioner resided in Southbury, Connecticut. During the taxable years 1991 through 1994, petitioner provided computer consulting services to various entities. For the 1991, 1992, and 1993 tax years, petitioner filed returns reporting income from wages with Forms W-2 (Wage and Tax Statement) attached which reflected the withholding of tax from petitioner's wages. Petitioner's 1991, 1992, and 1993 returns reflected tax due of $1,562, $2,677 and

$8,751, respectively.  For 1994, petitioner filed a return reflecting income from wages resulting in a $17,364 income tax liability, $10,159 of which was paid by means of income tax withholding.

Respondent assessed on the unpaid income tax liability reported by petitioner for 1991 through 1994.  Subsequently, respondent determined, by means of a statutory notice of deficiency, that petitioner had an income tax deficiency for 1993.  In connection with that notice, petitioner did not file a petition with this Court, and respondent assessed the deficiency. In March 1999, respondent notified petitioner of the intent to levy with respect to all 4 taxable years.  That notification also advised petitioner of his right to a hearing.

During April 1999, petitioner submitted a written request for a Collection Due Process Hearing.  The Appeals officer contacted petitioner by telephone to arrange for a hearing. Petitioner did not request a face-to-face hearing.  Instead, petitioner advised that he needed additional time to seek an administrative alternative to collection.  The alternative was to have his employment status changed from employee to self-employed (independent contractor) for each of the tax years.  If petitioner was successful in that pursuit, he believed that his tax liability would have either been reduced or eliminated.  In particular, petitioner advised that he wanted time to obtain a

private letter ruling to the effect that petitioner was self-employed during the years in question. The Appeals officer agreed to "stay" the collection process while petitioner sought a ruling. Approximately 1 week later, the Appeals officer received a copy of petitioner's request for a private letter ruling. The Appeals officer assumed that petitioner had submitted the original of the request for a private letter ruling to the appropriate Internal Revenue Service (IRS) ruling branch.

The Appeals officer heard nothing further from or about petitioner until November 2000, when he received notification from within the IRS that an examination of petitioner's employment status had been conducted and resulted in the conclusion that petitioner was an employee during the years in question. That determination had been made by respondent's specialized examination group in Vermont that considers whether taxpayers are employees or independent contractors. It was at that time (more than 6 months after his telephone conversation with petitioner) that the Appeals officer discovered that petitioner had not sought a private letter ruling, but had instead submitted a request for examination of his status. After receiving the notification during December 2000, the Appeals officer caused the issuance of the notice of determination to proceed with the levy, from which petitioner appealed to this Court.

For more than 1 year after the December 2000 issuance of the determination and the filing of the petition, petitioner did nothing about seeking a private letter ruling. Moreover, petitioner has alleged that he submitted his request for a ruling about 8 days prior to the time of the scheduled trial of this case (March 4, 2002).

OPINION

The question we consider is whether, under the circumstances of this case, respondent abused his discretion by not allowing petitioner additional time to seek a private letter ruling. The obverse of that question is whether the amount of time respondent afforded petitioner to seek collection alternatives was reasonable.

Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a "fair hearing". Sec. 6330(b). A "fair hearing" consists of the following elements: (1) An impartial officer will conduct the hearing; (2) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (3) certain issues may be heard such as spousal defenses and offers-in-compromise; and (4) a challenge to the underlying liability may only be raised if the taxpayer did not receive a statutory notice of deficiency or receive an opportunity to dispute such liability. Sec. 6330(c).

Petitioner's only request of the Appeals officer was for a delay while he pursued the collection alternative of seeking a private letter ruling on his employment status for the years subject to the enforced collection. Petitioner was afforded additional time, but, instead of seeking a ruling, he applied to respondent's examination division, which found him to be an employee.[1] Collection was delayed for at least 6 months while petitioner sought the administrative resolution of his outstanding tax liabilities. Petitioner contends that respondent abused his discretion by not allowing him an additional stay to seek a ruling.

Respondent did not impede petitioner in seeking an alternative to collection. Instead, respondent's Appeals Officer waited until he received notification that petitioner's attempt

---

[1] Petitioner, at trial, stated that someone in respondent's office had told him to seek an examination instead of a private letter ruling. Petitioner, however, was unable to provide the name of the person who might have given him that advice. It is petitioner's belief that respondent's examination personnel do not have as much latitude in deciding employment status and that he would have been successful in seeking a private letter ruling because the individuals who consider rulings have a broader spectrum of matter they can consider in the process. Petitioner contends that he is entitled to extra time before collection is permitted, because it was respondent's "error" to send him to the wrong place for relief. Petitioner has not shown a sufficient factual predicate for his argument. Even if petitioner had shown that he had received the alleged advice from someone in respondent's office, petitioner was not forced to seek one type of relief rather than another. It was his choice to seek an examination of his employment status, rather than seeking a ruling during the time allotted.

to administratively resolve his employment status had resulted in the decision that the status for the years under consideration were unchanged and hence that the liabilities remained outstanding and collectible. We note that although petitioner was advised of the decision that the examination personnel had decided that his employment status was that of employee during November 2000, and of respondent's determination to proceed with collection during December 2000, petitioner did not begin the process of seeking the private letter ruling until more than 1 year later (about 8 days before trial). Under these circumstances, we find that petitioner was given a full and fair opportunity to seek an alternative resolution of his tax liabilities.

To reflect the foregoing,

<u>An appropriate decision will</u>
<u>be entered permitting respondent to</u>
<u>proceed with collection.</u>